1   H. H. (Shashi) Kewalramani (State Bar No. 262290)
    Email: shashi@ljpklaw.com
2   **LEE, JORGENSEN, PYLE & KEWALRAMANI, PC**
    440 West 1st Street, Suite 205
3   Tustin, California 92780
    Telephone: (714) 252-6611
4   Facsimile:  (714) 602-4690
    Local Counsel for Plaintiff Gordium Innovations, LLC
5

6   Brian H. VanderZanden (State Bar No. 233134)
    E-Mail:  BVanderzanden@farneydaniels.com
7   M. Brett Johnson (Admitted Pro Hac Vice)
    Email: Bjohnson@farneydaniels.com
8   **FARNEY DANIELS PC**
    800 S. Austin Ave., Suite 200
9   Georgetown, Texas  78626
    Telephone:  (512) 582-2828
10  Facsimile:  (512) 582-2829
    Lead Counsel for Plaintiff Gordium Innovations LLC
11

12  Henry C. Wang (State Bar No. 196537)
    Email: henry.wang@ltlw.com
13  Heather F. Auyang (State Bar No. 191776)
    Email: heather.auyang@ltlw.com
14  **LEE TRAN LIANG & WANG LLP**
    601 S. Figueroa Street, Suite 3900
15  Los Angeles, CA 90017
    Telephone: (213) 612-8900
16  Facsimile: (213) 612-3773
    Attorneys for Defendant and Counterclaimant
17  TP-LINK USA Corporation

18
19  YITAI HU (State Bar No. 248085)
    ELIZABETH H. RADER (State Bar No. 184963)
20  **ALSTON & BIRD LLP**
    275 Middlefield Road, Suite 150
21  Menlo Park, CA 94025-4008
    Telephone: 650-838-2000
22  Email: yitai.hu@alston.com
    Email: elizabeth.rader@alston.com
23
24  MITRA M. ESKANDARI-AZARI (State Bar No. 261978)
    **ALSTON & BIRD LLP**
25  333 South Hope Street, 16th Floor Los Angeles, CA 90071-1410
    Attorneys for Defendant
26  ZyXEL Communications, Inc.

27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| GORDIUM INNOVATIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ZyXEL COMMUNICATIONS, INC. ET AL. AND DOE DEFENDANTS 1-10,<br><br>Defendant. | Case No. SACV-12-2014-DOC (JPRx)<br><br>Honorable David O. Carter<br>Courtroom<br><br>**STIPULATED PROTECTIVE ORDER INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**<br><br>Date:<br>Time:<br>Courtroom:<br><br>Filing Date: March 20, 2013 |

## I.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties also acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.    DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained

(including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be addressed by the judicial officer conducting the proceeding at the appropriate time.

## IV.   **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall

be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

1      Designation in conformity with this Order requires:

2      (a) <u>for information in documentary form</u> (e.g., paper or electronic

3  documents, but excluding transcripts of depositions or other pretrial or trial

4  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

5  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

6  contains protected material.

7      A Party or Non-Party that makes original documents or materials

8  available for inspection need not designate them for protection until after the

9  inspecting Party has indicated which material it would like copied and produced.

10  During the inspection and before the designation, all of the material made available

11  for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12  ONLY."  After the inspecting Party has identified the documents it wants copied and

13  produced, the Producing Party must determine which documents qualify for protection

14  under this Order.  Then, before producing the specified documents, the Producing

15  Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains

17  Protected Material.

18      (b) for testimony given in deposition that the Designating Party identify

19  on the record, before the close of the deposition all protected testimony and specify

20  the level of protection being asserted.  When it is impractical to identify separately

21  each portion of deposition testimony that is entitled to protection and it appears that

22  substantial portions of the testimony may qualify for protection, the Designating Party

23  may invoke on the record (before the deposition is concluded) a right to have up to 21

24  days to identify the specific portions of the testimony as to which protection is sought

25  and to specify the level of protection being asserted.  Only those portions of the

26  deposition testimony that are appropriately designated for protection within the 21

27  days shall be covered by the provisions of this Stipulated Protective Order.

28  Alternatively, a Designating Party may specify, at the deposition or up to 21 days

1    afterwards if that period is properly invoked, that the entire transcript shall be treated

2    as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3    ONLY."

4              Parties shall give the other parties notice if they reasonably expect a

5    deposition to include Protected Material so that the other parties can ensure that only

6    authorized individuals who have signed the "Acknowledgment and Agreement to Be

7    Bound" (Exhibit A) are present at those proceedings. The use of a document as an

8    exhibit at a deposition shall not in any way affect its designation as

9    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10   ONLY."

11             Transcripts containing Protected Material shall have an obvious legend

12   on the title page that the transcript contains Protected Material, and the title page shall

13   be followed by a list of all pages (including line numbers as appropriate) that have

14   been designated as Protected Material and the level of protection being asserted by the

15   Designating Party. The Designating Party shall inform the court reporter of these

16   requirements. Any transcript that is prepared before the expiration of a 21-day period

17   for designation shall be treated during that period as if it had been designated

18   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

19   otherwise agreed. After the expiration of that period, the transcript shall be treated

20   only as actually designated.

21             (c) for information produced in some form other than documentary and

22   for any other tangible items, that the Producing Party affix in a prominent place on the

23   exterior of the container or containers in which the information or item is stored the

24   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25   ONLY."  If only a portion or portions of the information or item warrant protection,

26   the Producing Party, to the extent practicable, shall identify the protected portion(s)

27   and specify the level of protection being asserted.

28             5.3   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an

inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process described by Local Rules 37-1 and 37-2.   The parties shall attempt to resolve each challenge in good faith and in strict compliance with Local Rule 37-1.

6.3   <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, then the Parties are ordered to strictly comply with the procedures outlined in Local Rule 37-2, including the joint stipulation requirement.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions pursuant to Federal Rule of Civil Procedure 37. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   <u>Basic Principles</u>.   A Receiving Party may use Protected Material

that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to

Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that

reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Without the express prior written consent of the Defendant that produced the Protected Material, no Defendant shall have access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Discovery Material produced by another Defendant in this matter.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to

the identified Expert unless, within 3 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party in compliance with Local Rule 37-1 to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may proceed with filing a motion pursuant to Local Rule 37-2.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

## VIII. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions

should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

## IX.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court if the Court permits.

## XII.  MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portions is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publically file a redacted version of the motion and supporting papers.

## XIII. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material

1    remain subject to this Protective Order as set forth in Section 4 (DURATION).

2

3                    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5

6    DATED:  October 1, 2013        H. H. (SHASHI) KEWALRAMANI
                                    **LEE, JORGENSEN, PYLE**
7                                     **& KEWALRAMANI, PC**

8                                   _/s/ H.H. (Shashi) Kewalramani_
9                                        H.H. (Shashi) Kewalramani

10                                  Local Counsel for Plaintiff
                                    Gordium Innovations, LLC
11

12   DATED:  October 1, 2013        BRIAN H. VANDERZANDEN
                                    M. BRETT JOHNSON
13                                  **FARNEY DANIELS PC**

14                                  _/s/ Brian H. Vanderzanden_
15                                       Brian H. Vanderzanden

16                                  Local Counsel for Plaintiff
                                    Gordium Innovations, LLC
17

18

19

20

21

22

23

24

25

26

27

28

1

2  DATED:  October 1, 2013        HENRY C. WANG
3                                 HEATHER F. AUYANG
                                   **LEE TRAN LIANG & WANG LLP**
4

5                                 _/s/ Henry C. Wang_
                                                 Henry C. Wang
6
                                   Attorneys for Defendant and Counterclaimant
7                                  TP-LINK USA Corporation

   DATED:  October 1, 2013        YITAI HU
8                                  ELIZABETH H. RADAR
                                   MITRA M. ESKANDARI-AZARI
9                                  **ALSTON & BIRD LLP**

10
                                   _/s/ Elizabeth H. Radar_
11                                             Elizabeth H. Radar

12                                 Attorneys for Defendant
                                   ZyXEL Communications, Inc.
13

14

15  PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17

18  DATED: _October 04, 2013_     _____
                                   Honorable JEAN P. ROSENBLUTH
19                                 United States Magistrate Judge

20

21

22

23

24

25

26

27

28